NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| IN RE OPNEXT, INC. SECURITIES LITIGATION | : : : : | Civil Action No. 08-920 (JAP)<br>(Consolidated Cases)<br><br>**OPINION** |

PISANO, District Judge.

This consolidated action involves alleged violations of the Securities Act of 1933, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), resulting from statements made by Defendant Opnext, Inc. ("Opnext") in February, 2007, relating to its Initial Public Offering ("IPO"). On June 30, 2008, the Court appointed as Lead Plaintiff the New Jersey Building Laborers Pension Fund ("NJBLPF" or "Lead Plaintiff"), and as Co-Lead Counsel Milberg LLP and Gardy & Notis, LLP ("Co-Lead Counsel"). The Court denied the motion for appointment as Lead Plaintiff brought collectively by Frank C. Petronis, Patricia A. Petronis, Todd A. Stephens, and Amy A. Stephens ("the Petronis Group"). On July 30, 2008, Lead Plaintiff through Co-Lead Counsel filed a Consolidated Class Action Complaint.

Presently before the Court is a motion for reconsideration of the June 30, 2008 Order brought by the Petronis Group. Lead Plaintiff opposes the motion. For the reasons set forth herein, the Court denies the motion for reconsideration.

**I.     BACKGROUND**

In the June 30, 2008 Order, the Court considered five motions for appointment as Lead Plaintiff and approval of Lead Counsel, brought pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(I).

Among those motions were motions brought by the Petronis Group and by NJBLPF. Although the Petronis Group claimed cumulative damages in the amount of $123,131.00—superficially, the largest financial interest alleged by those parties moving for appointment as Lead Plaintiff—the Court rejected the Petronis Group's aggregation of four sets of individual claims. The Court reasoned that the Group's claim to be a "cohesive group of two married couples" did not establish that the group was cohesive for purposes of the PSLRA, warranting an aggregation of claims. The Court found unpersuasive the certification of the four members of the Group, and the fact that the members had been appointed Lead Plaintiff in a class action in another jurisdiction.

Declining to accept the Petronis Group's aggregation of four individual claims for damages, the Court considered the moving plaintiffs with the next largest claimed damages, Warren Stobbe and NJBLPF. Ultimately, the Court found NJBLPF to be the party best able to meet the requirements of Federal Rule of Civil Procedure 23. The Court also approved NJBLPF's selection as Co-Lead Counsel Milberg LLP and Gardy & Notis, LLP.

The Petronis Group now moves for reconsideration of that June 30, 2008 Order. The Petronis Group argues that there is a need to correct clear error of law because the Court refused to aggregate the losses of the individuals composing the Group and appeared to express a preference for an institutional investor over the party with the largest economic loss. Lead Plaintiff opposes the motion. Lead Plaintiff contends that the Court properly applied the principles set forth in *in re Cendant Corporation Litigation*, 264 F.3d 201 (3d Cir. 2001). Specifically, Lead Plaintiff submits that the Court appropriately rejected the aggregated damages claimed by the Petronis Group, and that, even if the Petronis Group was found to be the party

with the largest economic interest in the action, the Petronis Group could not satisfy the requirements of Federal Rule of Civil Procedure 23. Accordingly, Lead Plaintiff claims reconsideration is not warranted.

## II.   DISCUSSION

### A.   Standard of Review

In New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i). L. Civ. R. 7.1(i). A district court exercises discretion on the issue of whether to grant a motion for reconsideration. *N. River Ins. Co. v. Cigna Reins. Co.*, 52 F.3d 1194, 1203 (3d Cir. 1995). A court may grant a motion for reconsideration if the moving party establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." *Id.* at 1218 (internal quotation and editing marks omitted). The party seeking reconsideration bears a heavy burden and "must show more than a disagreement with the Court's decision." *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990). Further, the moving party's burden requires more than a mere "recapitulation of the cases and arguments considered by the court before rendering its original decision[.]" *Ibid.* (internal quotation marks omitted).

### B.   Analysis

The Petronis Group invokes the third basis for seeking reconsideration of the Court's June 30, 2008 Order: "the need to correct clear error of law[.]" *N. River Ins. Co., supra*, 52 F.3d at 1218. According to the Petronis Group, the Court committed clear error of law by refusing to aggregate the damages claimed by the Group's individuals. The Petronis Group contends that, had the Court properly aggregated the claimed damages, the Group would be entitled to the

rebuttable presumption created by 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) because it would then be the party with the largest financial interest in the action. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb). The Group further claims that, because it is the party entitled to the rebuttable presumption, the Court applied in error a preference for an institutional party, the NJBLPF, and improperly rejected the application of the presumption to a "group of persons" as set forth in 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). The Court disagrees.

As a threshold matter, the Court did not commit clear error of law by refusing to aggregate the economic losses sustained by the four individuals comprising the Petronis Group. The Petronis Group is composed of two sets of married couples. The majority of the losses alleged by the Group derives from Frank Petronis's in-and-out day trading of Defendant's stock. In the joint Certification of the members of the Petronis Group attached to the Group's motion for appointment as Lead Plaintiff, the members averred that they had known each other for fifteen years and that they serve as Lead Plaintiff in a class action in the Northern District of California. *Elec. Workers Pension Fund, Local 103, I.B.E.W. v. Nuvelo, Inc.*, No. 07-4056 (N.D. Cal.) (MJJ).

Indeed, the PSLRA permits a "group of persons" to serve as Lead Plaintiff, and there is no limitation that the group include "related" individuals. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). *In re Cendant Corp. Litig.*, *supra*, 264 F.3d at 266. However, the group must be capable of fairly and adequately protecting the purported class's interests. *Ibid.* To determine if a group could fairly and adequately represent those interests, a court should consider: (1) "whether the individuals in question had a pre-existing relationship[; (2)] the extent of that relationship[; (3)] whether the group was created by the efforts of lawyers for the purpose of obtaining lead plaintiff

status[; and (4)] whether the group is too large to adequately represent the Class." *Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 636-37 (D.N.J. 2002). Thus, a court may reject a "group" if it appears that the group had been created for the purpose of serving as Lead Plaintiff. *Id.* at 267 ("If, for example, a court were to determine that the movant 'group' with the largest losses had been created by the efforts of lawyers hoping to ensure their eventual appointment as lead counsel, it could well conclude . . . that the members of that 'group' could not be counted on to monitor counsel in a sufficient manner.").

In the June 30, 2008 Order, the Court found that the pre-existing relationship and the nature of that relationship was insufficient to form a cohesive "group of persons" as envisioned by the PSLRA. Moreover, the Court was not persuaded by the Petronis Group's service as Lead Plaintiff in another jurisdiction. Because the Court found the Group to have been formed for the purpose of seeking appointment as Lead Plaintiff, the Court refused to aggregate the losses alleged by the individuals. In addition, subtracting from the Group the losses alleged as a result of Frank Petronis's day trading, the Petronis Group could assert a loss of only $45,000.00 and, thereby, would not be the party with the largest financial interest in the action. *See in re McKesson HBOC, Inc. Sec. Litig.*, 97 F. Supp. 2d 993, 998 (N.D. Cal. 1999) (holding it "inappropriate to count losses . . . by 'in-and-out' traders . . . when determining the plaintiff with the greatest financial interest in the litigation").

Moreover, even if the Court had aggregated the losses and granted the Petronis Group the rebuttable presumption pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I), the Petronis Group fails to meet the requirements of Federal Rule of Civil Procedure 23. First, for the same reasons that the Court declines to find the Petronis Group a "cohesive" group of persons for purposes of the

PSLRA, the Court further concludes that the Group could not fairly and adequately represent the putative class's interests.

Second, the Petronis Group does not meet the "typicality" requirement of Federal Rule of Civil Procedure 23. As noted by Lead Plaintiff, the Group's losses are mostly attributable to Frank Petronis's day trading of Opnext stock, buying and selling those shares within a short period of time. Lead Plaintiff further points out that, as of February 13, 2008,[1] the closing date of the putative class period, the Petronis Group held only 6,600 shares.

Day trading is not commensurate with the manner in which the typical class member sustained alleged losses. Such in-and-out trading is susceptible to unique defenses that are not equally applicable to other class members. For similar reasons, other courts have excluded from class membership or from consideration as Lead Plaintiff such traders. *See, e.g.*, *in re Scientific-Atlanta, Inc. Sec. Litig.*, 2007 WL 2683729, *6-7 (N.D. Ga. Sept. 7, 2007) (excluding from class membership individuals who did not hold Defendant's stock at time partial curative announcement made); *In re McKesson HBOC, Inc. Sec. Litig.*, *supra*, 97 F. Supp. 2d at 998.

Finally, the Court rejects the Petronis Group's argument that the Court improperly applied a presumption in favor of an institutional lead plaintiff. Although the Court mentioned in its June 30, 2008 Order the benefits inherent in an institutional lead plaintiff, the Court ultimately concluded that NJBLPF was the party who had the largest financial interest and who could satisfy the requirements of Federal Rule of Civil Procedure 23. Accordingly, the Court holds that there is no need to correct a clear error of law and, therefore, reconsideration is not warranted.

---

[1] On February 13, 2008, Defendant announced that it overstated its net income for the fiscal years ending on March 31, 2006 and March 31, 2007. (Consolidated Class Action Complaint ¶ 28).

**III.    CONCLUSION**

For the reasons stated above, the Court denies the Petronis Group's motion for reconsideration.  An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: August 6, 2008